LUCIUS M. SHELDON V. CAPLES & HAMMER.

No. 297.

1. **New Contract—Breach.**—Appellees made a contract with appellant to do certain work, and before the work was completed a new contract was entered into by the parties, reciting that the work was in a damaged and unsatisfactory condition, and providing that appellant should retain $2000 out of the money due on said contract, as indemnity, to be deposited in a bank and there held till the work was completed to the satisfaction of appellant, either by appellant himself or by appellees upon the written request of appellant. *Held*, that on appellant's failure to complete the work or give appellees an opportunity to do so, they could recover the difference between the $2000 and the cost of the repairs.

2. **Same.**—Appellees had a right to sue and recover on the new contract, without declaring on the original.

APPEAL from El Paso. Tried below before Hon. H. H. NEILL, Special Judge.

*Millard Patterson,* for appellant.

No briefs for appellees reached the Reporter.

FLY, ASSOCIATE JUSTICE.—This is an appeal from a judgment for $500. In April, 1887, appellees contracted with appellant to plaster

an office building for him in the city of El Paso. The plastering was to be done "in the best, most substantial, and most workmanlike manner." Afterwards, to wit, on July 10, 1888, another contract was entered into between the parties. The latter contract is as follows:

"EL PASO, TEXAS, July 10, 1888.

"This contract, made and entered into by and between L. M. Sheldon and the partnership firm of Caples & Hammer, witnesseth:

"That the contract for plastering the building known as the Sheldon building, in the city of El Paso, is not completed, and the plastering which has already been done is in a damaged and unsatisfactory condition, and that if the contract was completed according to its legal tenor and effect, including all extras up to date, except for laying the tiles and repairs to the pier in south wall, there would be a balance due on said contract of four thousand three hundred and eighty-two, 40-100 dollars. Now, in order to arrive at a basis of settlement of the damages arising out of the present bad condition of the plastering of said building, it is hereby mutually agreed, that out of said sum of four thousand three hundred and eighty-two and 40-100 dollars, there be deducted therefrom the sum of two thousand dollars, and the same, that is, the said sum of two thousand dollars, be deposited in the First National Bank of El Paso, Texas, so as to be indemnity to the said Sheldon until the contract for plastering, or until the repairs to the plastering, and all extras up to date, except as above stated, shall be fully completed to the satisfaction of the said Sheldon, acting by himself or through his duly authorized agent. Out of the sum of two thousand dollars reserved and deposited as aforesaid, the said Sheldon shall have the right to pay for any and all repairs to the painting in and about said building, if made necessary in consequence of the repairs to the plastering, whether the said repairs to the plastering shall be done by said Caples & Hammer, or by others employed to make such repairs by said Sheldon or his agent; and the said Sheldon shall also have the right to pay out of said reserved sum the cost of a proper coat of size and kalsomining of all surfaces of the entire building when repairs have been made. The said Sheldon shall have the right to employ all necessary contractors to do said repairing of painting and kalsomining, the cost of which is to be paid out of said sum deposited as an indemnity as aforesaid, upon presentation to said bank of proper vouchers from the contractors doing said work. It is further agreed, that said Caples & Hammer will complete all necessary repairs to said plastering within thirty days after written notice from Sheldon to commence said work; and if they fail to have said work done according to the contract therefor, then it shall be the right of the said Sheldon to stop them from further work in or about the repairing of said plaster-

ing of said building, and to employ others to complete the repairs thereof, according to contract, and charge the cost thereof to said sum of two thousand dollars, and to deduct said cost therefrom. Said repairs shall only be done upon the written request of the said Sheldon or his agent, at such time or times as shall in writing be designated by said Sheldon or his agent. Delivery of said writing to either member of said firm shall be considered a delivery to said firm, and to each of the individual members thereof.

"Witness our hands this day and date first above written.

"LUCIUS M. SHELDON.
"Witness:   WALTER E. PARFITT."        "CAPLES & HAMMER.

"JULY 10, 1888.

"It is further understood, that the said firm of Caples & Hammer may procure estimates and make contracts for such painting and kalsomining as above mentioned, subject to the approval in writing of said Sheldon, instead of as hereinbefore mentioned.

"Witness our hands this day and date first above written.

"LUCIUS M. SHELDON.
"Witness:   WALTER E. PARFITT."        "CAPLES & HAMMER.

Appellees' claim is based upon an alleged breach of this contract, without reference to the terms of the original contract, the breach consisting in the failure or refusal of the appellant to have the repairs made in the plastering. It is contended by appellant, under the terms of the last contract, that the $2000 was reserved as an indemnity to secure him on account of the failure of appellees to complete the plastering as expressed and stipulated in the original contract, and that it was left to the volition and determination of appellant as to whether he would have the work done, and that the only manner in which appellees could recover would be to sue upon the original contract and show that appellant had reserved too large a sum to indemnify him for any breach in the contract. It is also contended that the last contract was not a novation, and that the contract of 1887 was not discharged by the last contract. In other words, the argument of appellant is, that while appellees may have the right to recover, they have declared upon the wrong instrument.

The object of the last contract is declared to be, "to arrive at a basis for the settlement of the damages arising out of the present bad condition of the plastering of said building." To arrive at this basis of settlement, it was agreed that $2000 should be deducted from the amount agreed to be paid for the work, and be deposited in the First National Bank, to be an indemnity to appellant until the repairing and extras should be completed. We are of the opinion that this con-

tract was the evidence of a compromise between appellant and appellees, and that the $2000 was to be placed with the National Bank simply as a deposit to insure the necessary repairs, painting, and kalsomining. We see nothing in the contract to indicate that appellees and appellant intended that the latter had the option of having the work done or not, as he might desire. To take this view of the matter is to render the contract farcical and utterly without purpose or intent. If the design was to permit appellant to retain the $2000, why have the contract at all? There must have been some object in the contract, and we are of the opinion that there could have been no other intent than to place the $2000 in the bank as a security to Sheldon for a faithful performance of the repairing and extras. He could not by a failure to give written notice to appellees deprive them of any balance that might remain to them after deducting the expense of the repairing and the extras. But appellant contends, that although this may be true, appellees should not recover because they did not declare on the original contract. We do not think this position well taken. The old contract provided for the completion of the plastering in a certain manner, and this was not done, and as a basis of compromise a new contract was made, which provided that $2000 should be placed in the bank until the plastering was repaired and some extras performed. The only reference to the old contract is possibly that in which it is required that the repairing should be done according to contract, and the cause of action did not depend on the original contract, but was based on the fact that appellant had withheld the $2000, and then by his acts made it impossible for appellees to finish the work. We are of the opinion, that under the facts appellees could recover for the difference between what it would cost to do the required work and the $2000 that was placed on deposit. It was not error to refuse to give a charge informing the jury that Sheldon had the right under the contract to keep the money and never give the notice to begin work, and it was proper to instruct the jury that appellant had no right to withhold the opportunity from appellees to make the repairs, by failing to give the written notice or by making such improvements as would prevent them from performing the contract. There is sufficient evidence to sustain the verdict of the jury, and it was not erroneous for the court to assume that the instrument dated ·July 10, 1888, was a compromise contract, or in any other portion complained of in the fifth assignment of error. The charge fairly presented the issue of the appellant's knowledge of the defects in the plastering, and whether the defects were doubtful, uncertain, or speculative. It also fully presents the question as to whether it was practically impossible to repair the defects in the plastering as was contemplated in the contract, and as to whether the means of knowledge and in-

formation of the parties were equal, and as to whether the contract was made by appellant under a mistake of fact.

The judgment is affirmed.

*Affirmed.*

Opinion delivered April 11, 1894.

Motion for rehearing overruled.

Writ of error refused, May 31, 1894.